# EXHIBIT 2

# FORM OF NOTICE OF SALE

15929704

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re<br><br>AJUBEO LLC,<br>EIN: 45-2467444,<br><br>Debtor. | Case No. 17-17924-JGR<br><br>Chapter 11 |

**NOTICE OF SALE OF ASSETS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. Pursuant to Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Approving Stalking Horse Bid Protections, (C) Approving Procedures for the Assumption, Assignment, and Sale of Executory Contracts and Unexpired Leases, (D) Approving the Form and Manner of Notice of the Auction and Sale Hearing and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Scheduling an Auction and Sale Hearing, and (F) Granting Related Relief (the "**Bidding Procedures Order**") entered by the United States Bankruptcy Court for the District of Colorado (the "**Court**") on [_____], 2017, the Debtor, Ajubeo LLC (the "**Debtor**") is proposing to sell substantially all of its assets (as defined more specifically in the APA, the "**Purchased Assets**") on the terms and conditions set forth in the APA.

2. The sale of the Purchased Assets is authorized pursuant to section 363(f) of the Bankruptcy Code.

3. The sale of the Purchased Assets is necessary and in the best interests of the Debtor, its estate, creditors, and other parties-in-interest.

4. All interested parties are invited to make competing offers to purchase the Purchased Assets in accordance with the Bidding Procedures approved by this Court. Pursuant

15929704

to the Bidding Procedures, the Debtor will conduct an auction for the Purchased Assets (the "**Auction**") at the offices of Brownstein Hyatt Farber Schreck LLP, Suite 2200, Denver, Colorado 80202 on **October 27, 2017 at 9:00 a.m.** (prevailing Mountain Time) (unless no timely conforming Initial Overbids (as defined below) are received).

5. Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order, both attached hereto. Copies of the APA, the Sale Motion and the proposed form of Sale Order, may be obtained from the Court's docket or by contacting Debtor's counsel at Brownstein Hyatt Farber Schreck LLP, Attention: Joshua M. Hantman (jhantman@bhfs.com), 410 17th Street, Suite 2200, Denver CO 80202, phone: 303-223-1100, fax: 303-223-1111.

6. As set forth in the Bidding Procedures Order, to be qualified to receive any confidential information from the Debtor, a potential bidder must submit to the Debtor, prior to the receipt of any such information, an executed confidentiality agreement which shall inure to the benefit of the Successful Bidder, in a form and substance acceptable to the Debtor and the Stalking-Horse Bidder. To be qualified (i) to submit an Initial Overbid, as that term is hereinafter defined, and (ii) to participate in the Auction, a potential bidder must submit to the Debtor before **October 23, 2017 at 5:00 p.m.** (prevailing Mountain Time) (the "**Bid Deadline**"), current audited financial statements and the latest unaudited financial statements of the potential bidder or, if such potential bidder is an entity formed for the purpose of acquiring the Purchased Assets, current audited financial statements and the latest unaudited financial statements of the equity holders or sponsors of such potential bidder who will guarantee the obligations of such potential bidder, or such other form of financial disclosure and/or credit-quality support or enhancement, if any, that will allow the Debtor to make a reasonable determination as to such potential bidder's financial and other capabilities to consummate the Sale.

15929704

7. Based on the materials received by it, the Debtor shall determine whether any potential bidder that has timely submitted the materials referred above qualifies to submit a bid (such qualifying potential bidder, an "**Overbidder**").

8. In order to participate at the Auction, an Overbidder must submit its bid in a form acceptable to the Debtor (with copies to certain professionals as explained in the Bidding Procedures) on or before the Bid Deadline.

9. A bid must be a written irrevocable offer from an Overbidder and must, among other things: (a) contain a proposed asset purchase agreement (the "**Competing Purchase Agreement**") on substantially the same terms and conditions as those in the APA along with a redlined, marked copy showing all changes between the Competing Purchase Agreement and the APA, that (i) provides for a purchase price to be paid to the Debtor that exceeds the Purchase Price [1] (as defined in the APA) by at least fifty thousand dollars ($50,000) cash (such aggregate amount of the Purchase Price plus $50,000, the "**Minimum Overbid**"); (ii) contains a list of the Debtor's executory contracts and unexpired leases with respect to which the Overbidder seeks assignment from the Debtor (whether set forth in the Stalking Horse Bidder's APA or a Competing Purchase Agreement, the "**Proposed Assumed Contracts**"); (iii) remains irrevocable until the earlier of the closing of a purchase of the Purchased Assets by the Successful Bidder and the Overbidder Outside Date (as defined below); (iv) disclaims any right of the Overbidder to receive any transaction or breakup fee, expense reimbursement or similar fee or payment or to compensation under Bankruptcy Code Section 503(b) for making a substantial contribution; and (v) contains a proposed closing date that is not later than November 15, 2017 or such later dates as may be agreed in writing by the Debtor and the Overbidder in

---

[1] Pursuant to the terms of the APA, the Purchase Price is $1,945,798.00, subject to adjustment based on the Closing AR Amount and the November Revenue Amount, as set forth in the APA.

15929704

their sole discretion (the "**Overbidder Outside Date**"); and (b) be accompanied by a cashier's check made payable to the order of the Debtor in the amount of $100,000 (the "**Overbidder's Deposit**"), which will be retained by the Debtor as a nonrefundable good faith deposit for application against the purchase price at the closing of the transaction or returned to the Overbidder or otherwise applied as set forth in the Bidding Procedures.

10. A bid received from an Overbidder (and any bid submitted at the Auction by an Overbidder) that meets the requirements set forth in the Bidding Procedures, including, but not limited to, those above, will be considered a "**Qualified Bid**" if, in the good faith opinion of the Debtor, after consulting with the Debtor's financial and legal advisors, (i) such bid is determined not to be materially more burdensome or conditional than the terms of the APA and (ii) the Debtor reasonably believes that such bid would be consummated before the Overbidder Outside Date if selected as a Successful Bid (as defined below).

11. The sale of the Purchased Assets will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents, its advisors, or estate, except to the extent set forth in the APA or in the Debtor's purchase agreement with the Successful Bidder. Each bidder will be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Purchased Assets prior to making any bids; that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Purchased Assets in making its bid; and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection therewith, except as expressly stated in the Bidding Procedures or, as to the Successful Bidder,

15929704

the purchase agreement with such Successful Bidder. Except as otherwise provided in the APA or the purchase agreement with the Successful Bidder, all of the right, title and interest in and to the Purchased Assets to be acquired will be sold free and clear of all Encumbrances. The Encumbrances will attach to the net proceeds of the sale of the Purchased Assets.

12. The Stalking Horse Bidder, and any entity that submits a timely Qualified Bid accompanied by all items required to be submitted along therewith in accordance with the Bid Procedures (an "**Initial Overbid**"), will each be deemed a "**Qualified Overbidder**" and may bid for the Purchased Assets at the Auction. Any entity (other than the Stalking Horse Bidder) that fails to submit a timely, conforming Initial Overbid, as set forth above, will be disqualified from bidding for the Purchased Assets at the Auction. The Debtor will, promptly upon receipt of any Initial Overbid, provide copies of such Initial Overbid to the Stalking Horse Bidder.

13. If no timely, conforming Initial Overbid is received, the Debtor will not conduct an Auction and will (i) request at the Sale Hearing that this Court approve the APA, including the Sale of the Purchased Assets (including the assignment of the Assumed Contracts, if any) to the Successful Bidder, and (ii) request that the Sale Order will be immediately effective upon entry. If one or more timely conforming Initial Overbids are received, the Debtor will conduct the Auction, subject to approval of this Court, in which the Stalking Horse Bidder and all other Qualified Overbidders may participate.

14. The Auction will be governed by certain procedures, the most significant of which will include the following:

    i. bidding will start at the amount of the highest bid submitted by a Qualified Overbidder, as determined by the Debtor;

    ii. each subsequent bid will be in increments of no less than $50,000 in cash;

    iii. if the Stalking Horse Bidder makes a Court-approved postpetition loan ("**DIP Loan**") to the Debtor, then the Stalking Horse shall have the right to credit-bid any and

15929704

all obligations outstanding under the DIP Loan. If the Stalking Horse Bidder is not the Successful Bidder, then all sale proceeds received by the Debtor shall be used first to repay the DIP Loan, if any, in full prior to making any other payments or distributions on account of any other claims or obligations;

iv. if, at the Auction's conclusion and consistent with the Bidding Procedures' terms, the Stalking Horse Bidder's final bid is greater than the highest bid made by any Qualified Overbidder, the Court will approve the APA, including the Sale of the Purchased Assets (including the assignment of the Assumed Contracts, if any) to the Stalking Horse Bidder, and authorize the Debtor to sell the Purchased Assets (including the assignment of the Assumed Contracts, if any) to the Stalking Horse Bidder, and the amount of the Stalking Horse Bidder's final bid shall constitute the Purchase Price under the APA; and

v. The Debtor may, with Bankruptcy Court approval, elect to deem the Stalking Horse Bidder's final bid to be the highest bid, notwithstanding the receipt of an apparently higher bid from another Qualified Overbidder, if the Debtor reasonably concludes that the Qualified Overbidder may not be able to close on a timely basis.

15. The Sale Hearing is presently scheduled to take place on **October 30, 2017 at [__]** (prevailing Mountain Time) in the courtroom of the Honorable Judge Joseph G. Rosania in the United States Bankruptcy Court for the District of Colorado, U.S. Bankruptcy Court, 721 19th St., Denver, Colorado 80202.

16. Objections to the relief sought in the Sale Order will be in writing, filed and served so as to be actually received by (i) the Debtor's Chief Restructuring Officer, Alliance Management, 1400 Sixteenth Street, Suite 400, Denver, CO 80202, Attn: Alex Smith; (ii) counsel for the Debtor, Brownstein Hyatt Farber Schreck LLP, 410 17th Street, Suite 2200, Denver CO 80202, Attn: Joshua M. Hantman; (iii) counsel for the Stalking Horse Bidder, Fairfield and Woods, P.C., 1801 California Street, Suite 2600, Denver, CO 80202, Attn: Matthew S. Rork; and (iv) the Office of the United States Trustee, Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294 (collectively, the "**Notice Parties**") by **[_____], 2017 at [____] [_].m.** (prevailing Mountain Time). The failure of any objecting party to timely file and serve its objection will be a bar to the assertion by such party at the Sale Hearing or thereafter of any objection to the Sale Motion, the Sale, or the Debtor's

15929704

consummation and performance of the APA, including the transfer of the Purchased Assets free and clear of all Encumbrances.

17. This notice is qualified in its entirety by the Bidding Procedures Order.

DATED: September [_____].

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

_____
Michael J. Pankow, #21212
Joshua M. Hantman, #42010
Samuel M. Kidder, #49125
410 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
mpankow@bhfs.com
jhantman@bhfs.com
skidder@bhfs.com

*Attorneys for the Debtor*

15929704