# EXHIBIT 3

# FORM OF ASSIGNMENT NOTICE

15929725

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| In re<br><br>AJUBEO LLC,<br>EIN: 45-2467444,<br><br><br>Debtor. | Case No. 17-17924-JGR<br><br>Chapter 11 |

**NOTICE OF (I) AJUBEO LLC'S INTENT TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND (II) CURE COSTS RELATED THERETO**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On September 5, 2017, Ajubeo LLC, (the "**Debtor**") filed a motion for orders, *inter alia*, (I) approving (A) procedures (the "**Bid Procedures**") in connection with the sale (the "**Sale**") of substantially all of the Debtor's assets (as defined more specifically in the APA, (as defined below) the "**Purchased Assets**"); and (B) the form and manner of notice of (i) the Sale and (ii) the assumption and assignment of certain executory contracts, and granting related relief; (II) authorizing and approving (A) the Sale and (B) the assumption and assignment of certain executory contracts; and (III) waiving the 14-day stay of Fed. R. Bankr. P. 6004(h) and 6006(d) (the "**Sale Motion**")[1] with the United States Bankruptcy Court for District of Colorado.

2. The Debtor has entered into an Asset Purchase Agreement (the "**APA**"), dated as of September 5, 2017 by and between the Debtor and Green House Data, Inc. (the "**Stalking Horse Bidder**"), which contemplates the sale of the Purchased Assets.[2]

---

[1] You may obtain a copy of the Sale Motion and the APA by contacting Debtor's counsel, Brownstein Hyatt Farber Schreck LLP, 410 17th Street, Suite 2200, Denver CO 80202 Attn: Joshua Hantman.
[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the APA, as applicable.

1

15929725

3. The APA contemplates, and the Sale Order, if approved, shall authorize, the assumption and assignment to the Successful Bidder of certain executory contracts. Attached hereto as Exhibit A is a list of certain executory contracts that may potentially be assumed and assigned to the Stalking Horse Bidder or other Successful Bidder (collectively, the "**Contracts**" and, each, a "**Contract**"), pursuant to section 365 of the Bankruptcy Code.

4. The Debtor has listed on Exhibit A the amounts that the Debtor believes must be paid to cure all prepetition defaults under the Contracts as of the date hereof, in accordance with section 365(b) of the Bankruptcy Code (in each instance, the "**Cure Cost**").

5. Please read Exhibit A carefully. In some cases, Exhibit A identifies additional terms or conditions of assumption and assignment with respect to a particular Contract.

6. If the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Stalking Horse Bidder (or other Successful Bidder) not set forth in this original Assignment Notice, the Debtor shall promptly send a supplemental notice (a "**Supplemental Assignment Notice**") to the applicable counterparties, and such additional contracts or leases shall be deemed Contracts for purposes of the Bidding Procedures Order.

7. Objections, if any, to the proposed Cure Costs, or to the proposed assumption and assignment of the Contracts, including, but not limited to, objections relating to adequate assurance of future performance by the Stalking Horse Bidder or objections relating to whether applicable law excuses the Counterparty from accepting performance by, or rendering performance to, the Successful Bidder for purposes of section 365(c)(1) of the Bankruptcy Code, must be in writing and filed with this Court so as to be received no later than **[_____], 2017** (the "**Designation and Cure Objection Deadline**") by the following parties: (i) the Debtor's

Chief Restructuring Officer, Alliance Management, 1400 Sixteenth Street, Suite 400, Denver, CO 80202, Attn: Alex Smith; (ii) counsel for the Debtor, Brownstein Hyatt Farber Schreck LLP, 410 17th Street, Suite 2200, Denver CO 80202, Attn: Joshua M. Hantman; (iii) counsel for the Stalking Horse Bidder, Fairfield and Woods, P.C., 1801 California Street, Suite 2600, Denver, CO 80202, Attn: Matthew S. Rork; and (iv) the Office of the United States Trustee, Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294 (collectively, the "**Notice Parties**"); *provided, however*, that in the event the Successful Bidder is a bidder other than the Stalking Horse Bidder, objections relating to adequate assurance of future performance may be raised at any time prior to or during the Sale Hearing; *provided further, however*, that for any counterparty that receives a Supplemental Assignment Notice, the Designation and Cure Objection Deadline shall be the earlier of (i) ten (10) days after the mailing of the Supplemental Assignment Notice, or (ii) two (2) business days prior to the Sale Hearing.

8. Within twenty-four (24) hours after the conclusion of the Auction, the Debtor shall file a notice (the "**Notice of Successful Bidder and Assumed Contracts**"), which shall state (i) the identity of the Successful Bidder, and (ii) the Contracts that the Debtor proposes to assume and assign to the Successful Bidder (the "**Assumed Contracts**").

9. Where a Counterparty files an objection meeting the requirements set forth herein, objecting to the assumption by the Debtor and assignment to the Successful Bidder of such Contract (the "**Disputed Designation**") and/or asserting a cure amount higher than the proposed Cure Costs listed on the Assignment Notice (the "**Disputed Cure Costs**"), the Debtor, the Stalking Horse Bidder, or the other Successful Bidder (as the case may be), and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the Debtor, the Counterparty, and the Stalking Horse Bidder (or the other

Successful Bidder, as the case may be), determine that the objection cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Designation and/or the amount to be paid under section 365 of the Bankruptcy Code with respect to the Disputed Cure Costs will be determined by this Court at the Sale Hearing. If the Court determines at the Sale Hearing that the Assumed Contract will not be assumed and assigned, then such executory contract shall no longer be considered an Assumed Contract, provided, however, that after such determination is made by this Court, the Debtor may propose a new Cure Cost in accordance with the procedures set forth herein, including providing the applicable Counterparty with the Assignment Notice setting forth the redesignation and proposed new Cure Cost of the Assumed Contract. Notwithstanding the foregoing, the Debtor, in consultation with the Stalking Horse Bidder, or the other Successful Bidder (as the case may be), may at any time withdraw its application to this Court for authorization to assume and assign any Assumed Contract that is the subject of a Disputed Designation.

10. If you agree with the Cure Cost indicated on <u>Exhibit A</u>, and otherwise do not object to the Debtor's assumption and assignment of your contract, you are not required take any further action.

11. Other than with respect to the ability to raise objections relating to adequate assurance of future performance of a Successful Bidder other than the Stalking Horse Bidder at any time prior to or during the Sale Hearing, any Counterparty to a Contract who fails to timely file an objection to the proposed Cure Costs or the proposed assumption and assignment of a Contract by the Designation and Cure Objection Deadline is deemed to have consented to such Cure Costs and the assumption and assignment of such Contract, and such party shall be forever

barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against the Debtor, its estate, or the Successful Bidder.

12. If the Counterparty to a Contract fails to timely object to the assumption and assignment of a Contract or the proposed Cure Cost relating thereto by the Designation and Cure Objection Deadline, or upon the resolution of any timely objection by agreement of the parties or order of this Court approving an assumption and assignment, such Contract may be assumed by the Debtor and assigned to the Successful Bidder, and the proposed Cure Cost related to such Assumed Contract shall be established and approved in all respects, subject to the conditions set forth directly below.

13. The Debtor's decision to assume and assign the Assumed Contracts is subject to Court approval, consummation of the Sale and the terms and conditions of the APA (including the Successful Bidder's right to determine whether any such contracts are to be assumed). Accordingly, subject to the satisfaction of conditions in connection with the Sale, the Debtor shall be deemed to have assumed and assigned the Assumed Contracts as of the date of and effective only upon the Closing Date (as defined in the APA), and absent such closing, each of the Assumed Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by the Debtor under the Bankruptcy Code. Also, inclusion of any document on the list of Contracts attached hereto shall not constitute or be deemed to be a determination or admission by the Debtor or the Successful Bidder that such document is, in fact, an executory contract within the meaning of the Bankruptcy Code, all rights with respect thereto being expressly reserved.

14. Except as may otherwise be agreed to by the parties to an Assumed Contract, the defaults under the Assumed Contracts that must be cured in accordance with section 365(b) of

the Bankruptcy Code shall be cured as follows: the Successful Bidder shall pay all Cure Costs relating to an assumed executory contract within ten days after the later of (i) the Closing Date, (ii) the date on which such Assumed Contract is deemed assumed and assigned or (iii) the date on which the Successful Bidder and contract counterparty otherwise agree to in writing.

15. Any objection to the proposed Cure Costs or the proposed assumption and assignment of a Contract shall not constitute an objection to the relief generally requested in the Sale Motion. Parties wishing to object to the other relief requested in the Sale Motion must file and serve a separate objection, stating with particularity such party's grounds for objection, in accordance with the objection procedures approved and set forth in the Bidding Procedures Order.

16. Any Contract that is not an Assumed Contract shall be deemed rejected as of the Closing Date; *provided*, *however*, that if any Contract to which the Counterparty is Data Sales Co., Inc., or Farnam Street Financial, Inc. is not an Assumed Contract, then such Contract shall be deemed rejected as of the date that is sixty (60) days after the Closing Date.

17. If a party other than the Purchaser is the Successful Bidder, or if a transaction other than the Sale is consummated for the sale of the Purchased Assets, then these procedures may be modified if necessary by further order of this Court.

*[Remainder of Page Intentionally Left Blank]*

DATED: [_____], 2017.

                                            **BROWNSTEIN HYATT FARBER SCHRECK, LLP**

                                            _____
                                            Michael J. Pankow, #21212
                                            Joshua M. Hantman, #42010
                                            Samuel M. Kidder, #49125
                                            410 17th Street, Suite 2200
                                            Denver, Colorado 80202
                                            Telephone: (303) 223-1100
                                            Facsimile: (303) 223-1111
                                            mpankow@bhfs.com
                                            jhantman@bhfs.com
                                            skidder@bhfs.com

                                            *Attorneys for the Debtor*

# EXHIBIT A

| Counterparty | Nature of Contract | Remaining Term | Cure Cost |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |