## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>AJUBEO LLC,<br>EIN: 45-2467444,<br><br>Debtor. | Case No. 17-17924-JGR<br><br>Chapter 11 |

## *EX PARTE* MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENT

Ajubeo LLC (the "**Debtor**"), the debtor and debtor in possession in the above-captioned case, hereby moves (the "**Motion**"), pursuant to Bankruptcy Code section 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for entry of an order restricting access to a single page of Docket Entry No. 42-1.  In support of this Motion, the Debtor states as follows:

1. On September 5, 2017, the Debtor filed a motion for approval of, *inter alia*, bidding procedures for the auction and sale of substantially all of the Debtor's assets (Docket No. 42) (the "**Sale Motion**").

2. Attached as Exhibit 1 to the Sale Motion was a copy of the Asset Purchase Agreement between the Debtor and the Stalking Horse Bidder (as defined in the Sale Motion). The Asset Purchase Agreement is available at Docket No. 42-1.

3. Schedule 1.2(a) to the Asset Purchase Agreement includes a list of customer contracts that may be assumed and assigned to the Stalking Horse Bidder (the "**Customer List**"). The Customer List appears on "Page 25 of 50" of the file-stamped Docket Entry No. 42-1.

4. Subsequent to the filing of the Sale Motion, multiple customers of the Debtor have contacted the Debtor indicating that it is highly important to them that their names not appear in any publicly filed documents disclosing their relationship to the Debtor.  The customers have indicated that they may suffer severe commercial harm if such information is disclosed and may, in turn, discontinue their business relationship with the Debtor.  A disruption in customer relationships would be extremely harmful to the Debtor, especially while it is in the process of attempting to sell its assets as a going concern.

5. Accordingly, the Debtor seeks to restrict public access to the Customer List and the confidential commercial information contained therein.  Attached hereto as **Exhibit A** is a redacted copy of the page containing the Customer List.  The Debtor requests that the Court enter an order restricting access to the unredacted Customer List and substituting the redacted copy of Page 25 of 50 into Docket No. 42-1, with access limited only to the U.S. Trustee and the Debtor.

6. This Motion is brought on an *ex parte* basis pursuant to Bankruptcy Rule 9018.

**WHEREFORE**, the Debtor requests entry of an order, substantially in the form attached hereto, restricting access to the unredacted copy of Page 25 of 50 of Docket Entry No. 42-1, substituting the attached redacted copy of such page into the publicly accessible filing, and granting such other and further relief as this Court deems appropriate.

Dated  September 7, 2017.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*s/   Joshua M. Hantman*
Michael J. Pankow, #21212
Joshua M. Hantman, #42010
Samuel M. Kidder, #49125
410 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
mpankow@bhfs.com
jhantman@bhfs.com
skidder@bhfs.com

*Attorneys for Debtor*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2017, the foregoing *EX PARTE* MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENT was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating the CM/ECF system, and was served by placing same via first class mail postage prepaid properly addressed to the following parties:

Alison Goldenberg
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294-6004

*/s/ Sheila M. Grisham*
Sheila M. Grisham, Paralegal

15949605